FILED
SUPERIOR COURT
OF GUAM

2019 SEP 23 PM 3: 42

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CM0431-17** |
| vs. | |
| **DAVID J. SABLAN,** DOB: 11/06/1953 | **DECISION AND ORDER** |
| **CECILE B. SUDA,** DOB: 09/22/1957 | |
| **MICHAEL J. DUENAS,** DOB: 04/30/1954 | |
| **ROLAND SELVIDGE,** DOB: 08/04/1949 | |
| **JOHN ILAO,** DOB: 02/16/1967 | **CRIMINAL CASE NO.: CM0431-17-01** |
| **DEANNE TORRE,** DOB: 04/07/1970 | **CRIMINAL CASE NO.: CM0431-17-02** |
| **ROSIE BLAS,** DOB: 07/02/1962 | **CRIMINAL CASE NO.: CM0431-17-03** |
| **DEFENDANTS.** | |

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
CM0431-17-03 People v. Rosie Blas
DECISION AND ORDER (Motion to Dismiss)

Page 1 of 7

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 12, 2019, for a hearing on Defendant John Ilao's ("Ilao") Motion to Dismiss Complaint for Selective Prosecution. The Motion to Dismiss has been joined by Defendants David Sablan ("Sablan"), Rosie Blas ("Blas"), Roland Selvidge ("Selvidge"), Deanne Torre ("Torre"), and Cecile B. Suda ("Suda"). Attorney Joseph C. Razzano represents Ilao. The People of Guam ("the People") are represented by Assistant Attorney General Basil O'Mallan.

## BACKGROUND

The People filed the Complaint in this matter in the Superior Court on July 24, 2017, alleging forty-seven (47) separate crimes which include: direct violations of the Guam Open Government Law ("OGL"), official misconduct, and conspiracy to violate the OGL and commit official misconduct. The charges are related to three separate events that allegedly occurred during the period between December 2011 and July 2015. The alleged events occurred when the various Defendants served as Commissioners of the Guam Housing and Urban Development Authority ("GHURA") Board of Commissioners.

## DISCUSSION

A claim of selective prosecution originates in the equal protection component of the Due Process Clause of the Fifth Amendment of the Constitution of the United States. *U.S. v. Armstrong*, 517 U.S. 456, 465 (1996). To establish a selective-prosecution claim, a defendant must demonstrate that the prosecution "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte v. U.S.*, 470 U.S. 598, 608 (1985).

To establish a prima facie claim for selective prosecution, the defendant must show: (1) that others similarly situated have not been prosecuted, and (2) that the prosecution is based on an impermissible motive such as race, religion, or other arbitrary distinction. *U.S. v. Davis*, 36 F.3d 1424, 1432 (9th Cir. 1994). The defendant must also point to evidence demonstrating the government's decision to prosecute "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Armstrong*, 517 U.S. at 465.

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
CM0431-17-03 People v. Rosie Blas
DECISION AND ORDER (Motion to Dismiss)

Page 2 of 7

In establishing that they are being selectively prosecuted in an unconstitutional manner, defendants bear a "demanding" burden. *Armstrong*, 517 U.S. 456, 463. "In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary." *Id.* at 465.

## I.  Others who were similarly situated have not been prosecuted.

The Defendants point to two specific incidences where the Attorney General's Office declined to prosecute people who engaged in conduct similar to the GHURA Board's conduct.

### A.  *2018 Black Friday holiday*

On November 27, 2018, the Guam Daily Post printed an article entitled *Klitzkie: Friday holiday a 'classic Open Government Law violation.'* Razzano Decl. Ex. A (July 31, 2019). The article concerns the Consolidated Commission on Utilities ("CCU") taking a "poll vote" on November 20, 2018, declaring the day after Thanksgiving to be a holiday for most employees of the Guam Power Authority and Guam Waterworks Authority. Attorney and former Guam Senator Bob Klitzkie is quoted, stating "[u]nder the Open Government Law, the only time any board or commission can make a decision is in a properly called and noticed meeting." *Id.* The Guam Daily Post ran an editorial on November 28, 2018, urging the Attorney General's Office to look into a possible Open Government Violation pertaining to the CCU's poll vote. The Editorial ended by stating "[t]his is just one of a growing number of examples we hope [Levin] Camacho will look into." *Id.* at Ex. B.

### B.  *CCU pay raises*

On May 28, 2019, the Guam Daily Post ran an article concerning CCU members discussing pay raises for power and water utility executives and attorneys during a closed-door meeting in November 2018. *Id.* at Ex. C. The article states that "[a]t least one member of the Consolidated Commission on Utilities was made aware by prior legal counsel that Guam law prohibits discussion about pay in executive session." *Id.* The article states that CCU members acknowledged the error, had no intention to violate the law, and were working based on legal advice. *Id.* Notably,

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
CM0431-17-03 People v. Rosie Blas
DECISION AND ORDER (Motion to Dismiss)

the pay raises at issue were rescinded following a determination from the Attorney General that the adjustments were void because pay cannot be discussed in executive sessions. *Id.*

Based on the evidence provided by the Defendants, the Court finds that they have satisfied the first element necessary to establish a prima facie case of selective prosecution. Despite publicized cases of violations and public calls for enforcement of the Open Government Law, the Attorney General's Office has failed to prosecute such violations. The Attorney General's Office has gone as far as stating that CCU members gave themselves raises during closed-door meetings which violated the Open Government Law, yet declined to file criminal charges against any of the violators. In light of such evidence, the Court agrees with the Defendants that similarly situated people have not been prosecuted.

## II. The selective prosecution is not based on an impermissible motive such as race, religion, or other arbitrary distinction.

Having demonstrated that others similarly situated have not been prosecuted, the Defendants can establish a prima facie case if they can demonstrate that the selective prosecution is based on an impermissible motive such as race, religion, or other arbitrary distinction. *Davis*, 36 F.3d 1424, 1432. "[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler v. Boles*, 368 U.S. 448, 456 (1962). "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Wayte v. United States*, 470 U.S. 598, 607 (1985).

Defendants argue three theories of how the current prosecution is based upon an arbitrary distinction. For each of these theories the Court finds that the Defendants' proposed distinctions are not arbitrary, but instead are the type of classifications that prosecutors would naturally rely upon when determining enforcement priorities.

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
CM0431-17-03 People v. Rosie Blas
DECISION AND ORDER (Motion to Dismiss)

First, Defendants argue that the selective prosecution in this case is due to the arbitrary distinction between elected and unelected officials. Specifically, Defendants argue that the People have a policy of declining to prosecute elected officials for OGL violations, but prosecute unelected officials for the same violations. Such distinction is not arbitrary. In deciding whether to prosecute government officials for infractions of government secrecy laws, it is only logical that the Attorney General's Office would make a distinction between elected and appointed officials. A prosecutorial enforcement plan aimed at combating corruption will likely differentiate between those who are directly voted into office and those who are appointed. It is irrelevant that the People allegedly made the seemingly unlikely decision to prosecute unelected officials while failing to prosecute elected officials. Because the classification is not arbitrary, neither class would have an argument for selective prosecution. Without making a finding as to whether this distinction was the actual reason why the Attorney General has decided to selectively prosecute the GHURA Board, the Court finds that making such a distinction would be a proper use of prosecutorial discretion.

Next, Defendants argue that the selective prosecution is based upon the arbitrary distinction of which specific government agency has committed violations. The People have decided to prosecute the GHURA board but declined to prosecute the CCU Board, allegedly due to the fact that they are different particular agencies. Each government agency serves a unique purpose, and the size and importance of agencies vary greatly. It is therefore not arbitrary for the Attorney General's Office to treat each agency differently when it comes to the devotion of prosecutorial resources to ensure the various agencies comply with transparency laws. While noting that ideally the Attorney General's Office would investigate and prosecute all violations of the OGL, the Court holds that the decision to prosecute board members of one particular agency while declining to prosecute those of another agency is permissible prosecutorial discretion.

The final argument made by the Defendants is that the People chose to prosecute the GHURA Board, while failing to bring charges against the CCU Board, because the GHURA Board lacks the political clout of the CCU Board. Again, the Court finds that this is not an arbitrary

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
CM0431-17-03 People v. Rosie Blas
DECISION AND ORDER (Motion to Dismiss)

Page 5 of 7

distinction. In deciding what corruption or transparency cases are worth prosecuting, the Attorney General's Office will naturally tend to prioritize cases in which the Defendants have more "clout." This is not based upon an arbitrary classification, but is based upon an exercise of prosecutorial discretion which theoretically emphasizes the most important cases. As with the Defendants' argument regarding the "elected v. unelected" distinction, it is irrelevant that the People here have allegedly pursued the unlikely strategy of targeting those *without* clout. Because the classification is not arbitrary, prosecution based upon clout is not an available to anyone regardless of whether they do or do not have clout. Without commenting on the propriety of the Attorney General's Office's alleged decision to decline prosecution of well-connected individuals while pursuing prosecution of those who are less connected, the Court finds that such distinction is not arbitrary under the U.S. Supreme Court's decision in *Davis*.

The Court notes that the United States Supreme Court specifically included race and religion as the two examples of arbitrary distinctions which cannot be the basis of proper selective prosecution. While the Supreme Court did not limit the defense of selective prosecution to only these two distinctions, the inclusion of these two examples speaks to the purpose of the doctrine. Race and religion have both historically been bases for oppression. The classifications argued by the Defendants do not have such histories. It does not appear that the selective prosecution exercised in this case is the type of conduct which the U.S. Supreme Court aimed to prevent. Given the broad discretion granted to the People in deciding which cases to prosecute, the Court will not stretch the definition of "arbitrary classification" to include the distinctions argued by the Defendants in this case.

Further, the charges brought in this matter are a result of a joint, collaborative investigation involving the Federal Bureau of Investigation ("FBI"), the Office of the Inspector General of the United States Department of Housing and Urban Development ("HUD IG"), and the Office of the Attorney General of Guam. Tydingco Decl. (July 24, 2017). The Court finds that the more plausible explanation for why the GHURA Board is being prosecuted while the CCU Board has not been prosecuted is because the Attorney General's Office has been aided extensively by

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
CM0431-17-03 People v. Rosie Blas
DECISION AND ORDER (Motion to Dismiss)

Page **6** of 7

federal authorities in bringing charges against the GHURA Board. The facts demonstrate that convenience – and not discriminatory intent – led to the filing of charges against the GHURA Board.

While the Attorney General's Office is generally either unwilling or unable to enforce government transparency laws, the Court holds that the decision to bring charges against the GHURA Board was not based upon an arbitrary distinction. The Defendants have not established a prima facie case for selective prosecution, and therefore are not entitled to dismissal or additional discovery.

## CONCLUSION & ORDER

Based on the foregoing reasons, the Court hereby **DENIES** the Defendants' Motion to Dismiss for Selective Prosecution.

A pre-trial conference is set for this matter on September 25, 2019, at 2 pm.

**SO ORDERED** ___9/23/19___.

_____

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
AG; Kapp, S. Toker;
Van Da Veld, J. Terlaje, POIC,
Date: 9/23/19 Time: 3:45

Deputy Clerk, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
Josh Walsh, J. Arriola,
Jacqueline Terlaje
Date: 9/23/19 Time: 3:45

Deputy Clerk, Superior Court of Guam

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
CM0431-17-03 People v. Rosie Blas
DECISION AND ORDER (Motion to Dismiss)